**KAPLAN RICE LLP**

142 West 57th Street, Suite 4A, New York, NY 10019

Matthew J. Prutting
Associate
Email: mprutting@kaplanrice.com
Direct: 212.333.0203

February 6, 2020

Hon. Paul A. Engelmayer, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, New York 10007
EngelmayerNYSDChambers@nysud.uscourts.gov

      Re:    *Volkswagen Group of America, Inc. v. Thomas J.K. Smith*
              *19 Civ. 0502 (PAE) (KHP)*

Dear Judge Engelmayer:

      Our firm represents Volkswagen Group of America, Inc. ("VWGoA") in the above-referenced action against Thomas J.K. Smith ("Defendant").  On February 5, 2020, we received Your Honor's order directing that VWGoA respond to Defendant's letter dated January 27, 2020.  We apologize to the Court for not responding in a timely fashion; due to a miscommunication at our firm we were not aware that Defendant's letter had been filed (Defendant did not send a courtesy copy).  We note as well that the meet and confer discussions with Defendant's counsel continued after the date this letter was filed, including a further exchange of comments on the draft Touhy Request[1], but Defendant's counsel did not mention they had filed the letter.

      The proposed discovery requests and the proposed letter to Customs is overbroad and seeks information not necessary to the resolution of this case, and in our view is less likely to result in the cooperation of Customs than a specifically aimed at the issues in dispute.  VWGoA terminated the Defendant's engagement in March 2015, but the Defendant nonetheless claims in this case that VWGoA was required to continue to file protests after this termination and seeks a contingency fee on possible future customs refunds that VWGoA never collected.  At the October 11, 2019 conference before the Court, Defendant represented that by March 2015 Customs had agreed to pay refunds on future imports for which protests had not yet been filed.  The Court ordered that Defendant produce the agreement.  Defendant was unable to produce any evidence of such an agreement.  Instead, Defendant produced two emails from 2016, more than one year after Defendant's engagement was terminated, in which

---

[1]     The "Touhy Request" is the parties' joint request for information to the non-party U.S. Customs and Border Protection ("Customs").



February 6, 2020 – Page 2

Customs simply raises a question about liquidations through 2015.[2] This, clearly, is not evidence of any purported agreement.

VWGoA believes that Touhy Request should be a neutral, straightforward request limited to (1) any agreements between Customs and VWGoA regarding duty refunds, and (2) any correspondence related to those agreements or the negotiation of those agreements. Defendant's draft Touhy requests are unnecessarily broad, constituting a fishing expedition which VWGoA believes is unlikely to receive cooperation from the government. The revised draft that VWGoA submitted to Defendants on January 28, 2020, copy attached, focuses on the critical issues in the case – whether Customs agreed to customs refunds with respect to imports for which protests had not been filed by March 2015. Without such an agreement, Defendant cannot claim a breach of the engagement letter.

With respect to Defendant's request to provide written questions in lieu of oral deposition testimony, VWGoA would much prefer the opportunity to examine and cross-examine live witnesses, and we proposed that a subpoena for such testimony be served on Customs. If Customs objects, we can then discuss alternative methods of obtaining testimony.

VWGoA includes as Exhibit 2 the most recent draft Touhy Request sent to Defendant, which VWGoA intended to be a continuation of the meet and confer process. In light of the above, VWGoA requests that Your Honor (1) adopt the attached Touhy Request with VWGoA's most recent edits, or (2) order that Defendant continue the meet and confer process.

Respectfully Submitted,

 /s/ Matthew J. Prutting

Matthew J. Prutting

Attachments:  (1) Defendant's Proof of Agreement with Customs
(2) Plaintiff's 1/28/20 Draft Touhy Request

cc:   Richard A. Auerbach
Regina M. Vakser

---

[2]   The email from 2016 that Defendant believes comprise an agreement is an unanswered question from Customs seeking confirmation as to whether VWGoA would be willing to extend the .75% reduction of duty through the end of 2015 and, accordingly, there is nothing to suggest that the purported agreement applies beyond 2015, much less that the reduction of dutiable value applies, as Defendant states, for the "calendar years 2014 through 2017." See Exhibit 1; See also Defendant's Letter at 3.