UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                   :
VOLKSWAGEN GROUP OF AMERICA, INC.,                                 :
                                                                   :     19 Civ. 5202 (PAE)
                                            Plaintiff,             :
                                                                   :            ORDER
                    -v-                                            :
                                                                   :
THOMAS JOSEPH KOVARCIK SMITH,                                      :
                                                                   :
                                            Defendant.             :
                                                                   :
------------------------------------------------------------------ X

PAUL A. ENGELMAYER, District Judge:

      This case arises out of a dispute between plaintiff and counterclaim defendant Volkswagen Group of America, Inc. ("VWGoA") and its former lawyer—defendant and counterclaim plaintiff Thomas Joseph Kovarcik Smith—centering around VWGoA's March 2015 decision to cease pursuing refunds or reductions of duties from U.S. Customs and Border Protection ("CBP"). On October 11, 2019, the Court held an initial pretrial conference, at which it became clear that a key issue in the case would be CBP's communications with Smith about the availability of refunds for pending and future claims. In particular, counsel for Smith represented to the Court that, by the time VWGoA instructed Smith to cease pursuing refunds, CBP had agreed to pay refunds on future imports for which protests had not yet been filed. The Court asked Smith to produce the agreement he had reached with CBP, but Smith explained that the relevant documents—either an agreement or a limited concrete set of communications between Smith and CBP—were in the exclusive possession of CBP. Accordingly, the Court directed the parties to meet and confer immediately to submit a joint request for information (the "*Touhy* request") to CBP.

On January 27, 2020, three and a half months after the initial conference, the Court received a letter from Smith requesting the Court's assistance in resolving the parties' disputes as to the content of the *Touhy* request. Dkt. 34. Smith's letter attached a "second proposed draft" joint *Touhy* request, Dkt. 34-1, which apparently had been rejected by VWGoA. Under the Court's Individual Rule 2(C), VWGoA had three business days thereafter to respond, but failed to do so. On February 5, 2020, the Court, unable to rule on the disputed issues on the basis of Smith's letter alone, ordered VWGoA to respond by the next day. Dkt. 36. On February 6, 2020, VWGoA wrote a letter in response, Dkt. 38, attaching its most recent proposed joint *Touhy* request, Dkt. 38-2.

This order resolves the parties' dispute regarding the *Touhy* request. Underlying each of the below determinations is Smith's representation at the October 11, 2019 conference—consistent with the Court's understanding of the case—that his complaint in this case is supported by a concrete document or limited set of documents held by CBP. A more-focused request comports with Smith's representations, is more likely to receive timely compliance from CBP, and avoids the risks of an overbroad fishing expedition.

I.   **Description of Background and Principal Issue**

The parties could not agree on the description of the background and "principal issue in this matter" to be included in the *Touhy* request. Smith's second proposed draft, rejected by VWGoA as biased and too long, reads:

> The above-referenced lawsuit involves a dispute between plaintiff Volkswagen Group of America, Inc. ("VWGoA") and its former attorney defendant Thomas Joseph Kovarcik Smith ("Smith") over the amount of attorney's fees on refunds or reductions of duty paid on merchandise imported by VWGoA. VWGoA engaged Smith in 1997 to pursue refunds or reductions of duty arising from defective merchandise imported by VWGoA. Accordingly, Smith pursued claims for refunds and/or reductions of duty on behalf of VWGoA both in court and administratively. In January 2015, Smith reached an agreement (the "Agreement") with the U.S.

> Government on behalf of VWGoA for a .75% reduction of duty on merchandise imported by VWGoA. As a result of the Agreement, VWGoA accepted duty refunds in the total amount of $21,933,024.39, resulting in part from refund claims filed in court, and in part from the refund claims filed with CBP.
>
> On March 16, 2015, VWGoA instructed Smith not to file any further administrative claims ("protests"). The last protest on behalf of VWGoA was filed by Smith on March 9, 2015, which covered entry no. 5301-101-3825364-6 made on April 19, 2014 and liquidated on February 27, 2015. No protests were filed after March 16, 2015.
>
> Smith withheld a certain portion of the refunds he received on behalf of VWGoA to cover his fees. On June 3, 2019, VWGoA filed a lawsuit in the Southern District of New York against Smith seeking payment of the amount withheld by Smith. Pursuant to 19 C.F.R. 103.22(c), a copy of the complaint is attached hereto as Exhibit 1. Smith denied VWGoA's allegations and counterclaimed for a failure to pay his contingency fee. A copy of the answer is attached hereto as Exhibit 2. VWGoA denied Smith's allegations. A copy of VWGoA's answer to Smith's counterclaims is attached hereto as Exhibit 3.
>
> The principal issue in this case is whether, pursuant to the Agreement, the aforementioned .75% reduction of dutiable value applied to VWGoA for entries made in calendar years 2014 through 2017. The amount of attorney's fees Smith claims is directly proportional to the amount of VWGoA's refunds and/or reductions. Documents contained in CBP files and information known to the CBP employees, who were communicating with Smith regarding the agreement and the reductions and/or refunds from CBP, is particularly relevant to and necessary for a proper determination of this issue.

Dkt. 34-1 at 2. The Court directs the parties to use this background section, with the following changes: (1) the last sentence of the first paragraph should be replaced with "As a result of the Agreement, Customs paid duty refunds in the total amount of $21,933,024.39, and Smith received payment (a contingency fee of $7,305,761.96)"; (2) in the first sentence of the third paragraph, "to cover his fees" should be removed; (3) the fourth sentence of the third paragraph should read "Smith denied VWGoA's allegations and counterclaimed, alleging that VWGoA breached its engagement letter by instructing Smith to cease filing further protests; Smith further alleges that CBP had agreed to apply the .75% refund amount to future imports even where no protests had yet been filed for such imports"; (4) the first two sentences of the fourth paragraph

should be removed; and (5) the final sentence should end with ". . . for a proper determination of the principal issues in this litigation."

II.     **Requested Documents, Requested Deposition Testimony and Related Issues**

The parties also could not agree on the language to be used in the *Touhy* request for both the third request for documents and the third request for deposition testimony.

Smith's version requests: "Documents, including agreements, guidance, policy, and instructions, relating to the applicability of the settlement amount of a .75% reduction in dutiable value and/or use of the .75% refund rate for VWGoA's imported vehicles entered in calendar years 2014, 2015, 2016 and 2017." Dkt. 34-1 at 3.

VWGoA's request seeks: "Documents, including agreements, guidance, policy, and instructions, relating to the applicability of the settlement amount of [] a .75% refund rate for VWGoA's imported vehicles with respect to which protests had not been filed as of March 2015 in calendar years 2014, 2015, 2016 and 2017." Dkt. 38-2 at 2.

The Court sees merit in elements of each of these requests. Accordingly, the Court directs the parties to use the following language: "Documents, including agreements, guidance, policy, and instructions, relating to the applicability of the settlement amount of a .75% refund rate (and/or .75% reduction in dutiable value) for VWGoA's imported vehicles, with respect to which protests had not been filed as of March 2015, in calendar years 2014, 2015, 2016 and 2017."

III.    **Issues No Longer in Dispute**

Smith's letter stated that the parties were unable to agree on the time period covered by the documents requested. Dkt. 34 at 2. The letter further suggested that the parties were unable to agree as to whether two 2016 emails from CBP officer Elif Eroglu to Smith should be

included in a list of topics for deposition testimony. *Id.* at 3. VWGoA's draft joint *Touhy* request, written subsequent to Smith's letter, appears to adopt the same time period as Smith's draft and to include the two emails in its request for deposition testimony. To the extent that any disagreement remains as to these topics, the Court directs the parties to meet and confer promptly and to resolve these issues collegially. The Court does not expect to be called upon for further resolution of disputes regarding the text of the *Touhy* request.

## IV. Sequencing of Request for Written Answers

In the regrettable event that CBP refuses to produce a CBP employee for a deposition, Smith seeks to include a request for written answers with the initial *Touhy* request. *Id.* at 3. VWGoA proposes that a subpoena for deposition testimony should first be served on CBP, and, if CBP objects, the parties can later serve a request for written answers. Dkt. 38 at 2.

A deposition, which will afford the parties the opportunity to examine and cross-examine a live witness, is clearly the superior method for obtaining discovery from CBP regarding the central issue in this litigation. At the initial conference, the Court directed the parties to meet and confer immediately for the specific purpose of seeking to depose a CBP witness. The Court explained that, because deposing a CBP witness was essential to the truth-seeking process in this case, the Court stood ready to assist the parties in obtaining such deposition testimony.

Accordingly, the Court agrees with VWGoA that the better approach is first to serve a subpoena for testimony. Only if the parties cannot obtain deposition testimony from a CBP witness would the alternative of a request for written answers be deployed. For avoidance of doubt, the Court expects that CBP will comply with the reasonable request for a deposition.

In the event that any further discovery disputes arise, the Court urges counsel to attempt to resolve such disputes collegially, without involvement of the Court.

SO ORDERED.

                                                                Paul A. Engelmayer
                                                                United States District Judge

Dated: February 7, 2020
        New York, New York